**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 3M COMPANY, | |
| Plaintiff, | Case No.: 1:20-cv-02949 (LAP)(KNF) |
| -against- | |
| PERFORMANCE SUPPLY, LLC, | |
| Defendant. | |

**ORDER ON PLAINTIFF 3M COMPANY'S**
**APPLICATION FOR A PRELIMINARY INJUNCTION**
**AGAINST DEFENDANT PERFORMANCE SUPPLY, LLC**

**WHEREAS**, the Court, having considered Plaintiff 3M Company's ("3M") Memorandum of Law Support in Support of its Application for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 13) against Defendant Performance Supply, LLC ("Defendant"), together with the supporting Declarations of Charles Stobbie (Dkt. No. 14), David A. Crist (Dkt. No. 15), and A. John P. Mancini (Dkt. No. 16), as well as the record and proceedings to date in the above-captioned action, hereby finds as follows:

1.     Defendant is not an authorized distributor, vendor, agent, or representative of 3M. Defendant also is not authorized to solicit orders of any size for 3M's N95 respirators (or any other goods or services).  Nonetheless, on or about March 30, 2020, Defendant sent a Formal Quote to New York City's Office of Citywide Procurement, offering to sell seven million of 3M's N95 respirators for 500% more than 3M's list price.  To deceive New York City's procurement officers into believing that Defendant was authorized to solicit orders on 3M's behalf, Defendant, *inter alia*, reproduced the standard-character "3M" mark and 3M design mark **3M** (the "3M Marks"), and the slogan "3M Science.  Applied to Life" (the "3M Slogan"), throughout the Formal Quote.

2.      3M cannot control the quality of the products that Defendant is purporting to sell under the 3M Marks or 3M Slogan.  Additionally, the harm to 3M's reputation and the 3M brand of being associated with price-gouging and/or raising the prices of its N95 respirators during the global COVID-19 pandemic is immeasurable.

3.      Based on the foregoing, 3M is likely to suffer irreparable harm in the absence of a preliminary injunction.

4.      3M owns incontestable federal trademark registrations for its 3M Marks, as well as a federal trademark registration for its 3M Slogan.  Accordingly, 3M is likely to establish the validity of its 3M Marks and 3M Slogan.

5.      3M also is likely to establish that Defendant's use of the 3M Marks and 3M Slogan creates a likelihood of confusion about the source and/or quality of the products that Defendant is offering to sell, and/or whether Defendant has an association or affiliation with 3M. 3M has been using its 3M Marks and 3M Slogan for decades.  During this period, 3M has invested hundreds of millions of dollars into advertising and promoting a vast array of goods and services under its 3M Marks and 3M Slogan, including its N95 respirators.  Defendant is trading off the widespread commercial recognition and goodwill of the 3M Marks and 3M Slogan in connection with offering to sell products that 3M is widely known for manufacturing and selling, namely, N95 respirators.  Accordingly, it is no surprise that Defendant actually confused New York City procurement officials into believing that Defendant was an authorized vendor of 3M-brand N95 respirators.

6.      Based on the foregoing, 3M is likely to succeed on the merits of its claims for federal trademark infringement, unfair competition, false association, false endorsement, and

2

false designation of origin under Sections 32 and 43(a)(1)(A) of the Lanham Act, as well as its claims for trademark infringement, and unfair competition, under New York common law.

7.      Defendant cannot be heard to complain about having to refrain from engaging in trademark infringement, unfair competition, and price-gouging.  3M, on the other hand, faces irreparable harm if Defendant's conduct continues.

8.      Based on the foregoing, the balance of hardships favors 3M.

9.      The public has an interest in avoiding confusion about the source and quality of goods and services.  This is especially true during the global COVID-19 pandemic, when consumers, including experienced governmental procurement officials, are relying on the 3M Marks and 3M Slogan to indicate that goods and services offered thereunder originate from 3M, and are of the same quality that consumers have come to expect of the 3M brand.

10.      Based on the foregoing, the issuance of a preliminary injunction would benefit the public.

**BASED ON THE FOREGOING**, the Court hereby **GRANTS** 3M's Application for a preliminary injunction against Defendant in its entirety, and **ORDERS** as follows:

1.      Pursuant to FED. R. CIV. P. 65(a):

a.      Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with them, are enjoined during the pendency of this action from using the 3M Marks and 3M Slogan, and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks and/or the 3M Slogan, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators, and

b.   Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with them, are also enjoined during the pendency of this action from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators; and offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of NEW YORK GENERAL BUSINESS LAW § 369-R.

2.      Pursuant to this Court's equitable powers and discretion, because of 3M's financial situation, it need not post a bond.

3.      3M and/or its authorized representative(s) must serve a copy of this Order on Defendant and/or Defendant's registered agent via overnight mail or courier and/or personal service at 3 Westbrook Way, Manalapan, New Jersey 07726, delivered on or before 5:00 pm on May 6, 2020.  The foregoing shall constitute proper service and notice of this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Order.

5.      The Temporary Restraining Order entered against Defendant in this action on April 24, 2020 (Dkt. No. 17) is vacated and superseded by this Order.

6.      Counsel shall inform the Court by letter no later than June 4, 2020 of the status of

the action.

**SO ORDERED** this 4 day of May, 2020.


_____
The Honorable Loretta A. Preska
United States District Judge