# MAYER | BROWN

Mayer Brown LLP
1999 K Street, NW
Washington, D.C. 20006
United States of America

T: +1 202 263 3000
www.mayerbrown.com

**Carmine R. Zarlenga**
T: +1 202 263 3227
czarlenga@mayerbrown.com

September 29, 2022

**Via ECF**

The Honorable Jennifer L. Rochon
United States District Judge
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *3M Company v. Performance Supply, LLC*; Case No. 1:20-cv-02949-JLR
          Update on Status of the Action

Dear Judge Rochon:

      We represent Plaintiff 3M Company ("3M") in the above-referenced civil action. Pursuant to this Court's September 15, 2022 Notice of Reassignment (Doc. No. 32; the "Notice"), I write to update the Court on the status of the action.

      As the Court likely is aware, this action concerns Defendant Performance Supply, LLC's ("Defendant") "use of Plaintiff's famous "3M" trademarks to perpetrate a false and deceptive price-gouging scheme on unwitting consumers, including agencies of government, during the global COVID-19 pandemic." Doc. No. ¶ 1. On May 4, 2020, Judge Preska entered a preliminary injunction against Defendant, which, *inter alia*, enjoined Defendant "during the pendency of this action from using the 3M Marks and/or 3M Slogan" in connection with offering for sale and/or selling "Plaintiff's 3M-brand N95 respirators […]." Doc. No. 22 at p. 3, ¶ 1(a). Defendant's deadline to respond to the Complaint was the following day, but it failed to respond. *See* Doc. No. 18 (Summons Returned Executed; setting "answer due 5/5/2020"). Shortly thereafter, this case took an unexpected twist.

      On May 21, 2020, the United States District Attorney for the Southern District of New York charged Defendant's principal, Mr. Ronald Romano, and several other defendants in a three-Count criminal Complaint regarding an alleged "multi-faceted scheme" to sell 3M-branded N95 respirators to government agencies at grossly inflated prices during the COVID-19 global pandemic. *See generally United States v. Ronald Romano*, 20 Cr. 585 (ALC) (the "Criminal Proceeding"). Mr. Romano was arrested on May 26, 2020. *See id*. at Doc. No. 68, p. 12. Two

The Honorable Jennifer L. Rochon
September 29, 2022
Page 2

years later, on May 31, 2022, Mr. Romano pled guilty to one Count of conspiracy to violate the Defense Production Act, in violation of 18 U.S.C. § 371 and 50 U.S.C. § 4512. *See id*. at pgs. 12-13. Significantly, on September 15, 2022, Judge Carter sentenced Mr. Romano to five years probation, thus bringing the Criminal Proceeding to a close. *See id*. at Doc. No. 70.

Over the past two years, 3M has deferred to the Criminal Proceeding. *See generally* Doc. No. 28 (3M's June 4, 2020 status update to Judge Preska); and Doc. No. 30 (3M's December 17, 2021 status update to Judge Preska). In light of Mr. Romano's sentencing, 3M respectfully contends that this action should resume. Given Defendant's failure to respond to the Complaint, 3M intends to promptly move for the entry of a Default Judgment and Permanent Injunction in the manner prescribed by Rule 3.O of this Court's Individual Rules of Practice in Civil Cases. In the interim, 3M respectfully submits the following information requested in the Notice:

    **1.**    **Names of Counsel and Current Contact Information**

    a.    3M

      i.    Carmine Zarlenga (*pro hac vice*)
          MAYER BROWN LLP
          1999 K Street, NW
          Washington, D.C. 20006
          Tel.: 202-263-3000
          Email: CZarlenga@mayerbrown.com

      ii.    A. John P. Mancini
          MAYER BROWN LLP
          1221 Avenue of the Americas
          New York, New York 10020
          Tel.: 212-506-2295
          Email: JMancini@mayerbrown.com

      iii.    Jonathan W. Thomas
          MAYER BROWN LLP
          1221 Avenue of the Americas
          New York, New York 10020
          Tel.: 212-506-2226
          Email: JWThomas@mayerbrown.com

    b.    Defendant: To date, no counsel has appeared on Defendant's behalf in this lawsuit. In December 2021, 3M attempted to contact Mr. Romano's attorney in the Criminal Proceeding to see whether he would appear in this action on Defendant's behalf. *See* Doc. No. 30 at p. 2. However, 3M was not able to contact Mr. Romano's attorney. *See id*.

The Honorable Jennifer L. Rochon
September 29, 2022
Page 3

### 2. Statement of the Nature of the Case

This lawsuit arises under the U.S. Trademark Act (the "Lanham Act") and corollary New York statutes concerning trademark infringement and unfair competition. The Lanham Act protects consumers from confusion, mistake, and deception about the source of goods and services, as well as confusion, mistake, and deception about a possible affiliation, connection, or association between two parties. *See* 15 U.S.C. §§ 1114, 1125(a). That is precisely what happened in March 2020 because of Defendant's unlawful conduct. *See generally* Doc. No. 1.

Defendant is not—and never has been—a licensed or authorized distributor, agent, or representative of any of Plaintiff's products, and has no right to use Plaintiff's famous 3M trademarks for any purpose. *See* Doc. No. 1 at ¶ 8; *see also* Doc. No. 23 at ¶ 31. Yet in March 2020, Defendant reproduced the famous 3M marks *nine* times on a written quote sent to New York City's Office of Citywide Procurement, wherein Defendant offered to sell millions of Plaintiff's 3M-branded N95 respirator masks at a grossly inflated aggregate price of approximately $45 million. *See* Doc. No. 1 at ¶ 8; *see also* Doc. No. 23 at ¶¶ 31, 32. The aforementioned quote also listed St. Paul, Minnesota—*i.e.*, the location of 3M's corporate headquarters instead of Defendant's location in New Jersey—and claimed the offer's acceptance was at 3M's discretion. *See* Doc. No. 1 at ¶ 8; *see also* Doc. No. 23 at ¶¶ 32, 34.

Defendant's conduct caused New York City officials to prepare a Bid Evaluation Request, wherein they mistakenly identified Defendant as a "vendor" of 3M-branded N95 respirators—twice. *See* Doc. No. 1 at ¶ 8; *see also* Doc. No. 23 at ¶ 33. A New York City official also mistakenly contacted 3M the *same* day they received Defendant's aforementioned quote. *See* Doc. No. 23 at ¶ 24. Although the sale was never completed, Defendant's use of the 3M marks unquestionably caused confusion, mistake, and deception, not to mention tarnished the carefully curated 3M's brand reputation and goodwill by associating it with price-gouging—of front-line healthcare workers, no less—during the deadliest days of the COVID-19 pandemic.

### 3. Explanation of Why Jurisdiction and Venue Lie in This Court

3M's federal claims for trademark infringement, unfair competition, false association, false endorsement, false designation of origin, trademark dilution, and false advertising, respectively, asserted in Counts I-IV of the Complaint arise under the Lanham Act, namely, 15 U.S.C. § 1051 *et seq*. Accordingly, this Court has original and subject-matter jurisdiction over Counts I-IV pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121(a). 3M's state-law claims for deceptive acts and practices, false advertising, dilution, trademark infringement and unfair competition, respectively, asserted in Counts V-IX of the Complaint arise under New York statutory and common law, and are so related to the federal claims asserted in Counts I-IV that they form part of the same case or controversy. Accordingly, this Court has supplemental jurisdiction over Counts V-IX pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). As mentioned, above, Defendant sent a quote to New York City officials in this District. As such, a substantial part of the events giving rise to 3M's claims asserted in the Complaint occurred in this District, which makes venue proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

    **4.**    **Statement of Existing Deadlines, Due Dates, and/or Cut-Off Dates:** n/a

    **5.**    **Previously Scheduled Conference Dates With Court:** On May 4, 2020, Judge Preska held a telephonic oral argument on 3M's preliminary-injunction motion. *See* Doc. Nos. 20, 23. Otherwise, there have not been any court conferences in this lawsuit.

    **6.**    **Description of Outstanding Motions:** The last motion filed in this lawsuit was 3M's preliminary injunction-motion, which Judge Preska granted on May 4, 2020. *See* Doc. No. 22. As mentioned, above, 3M intends to promptly file a motion for a Default Judgment and a Permanent Injunction.

    **7.**    **Statement of Any Pending Appeals**: n/a

    **8.**    **Statement of Discovery**: No discovery has occurred in this lawsuit. As mentioned, above, Defendant never responded to the Complaint.

    **9.**    **Statement of Prior Settlement Discussions**: No settlement discussions have occurred in this lawsuit.

    **10.**    **ADR Statement**: The parties have not discussed the use of alternate dispute resolution mechanisms. 3M respectfully submits that it would not be an efficient use of time or resources for the parties to participate in a settlement conference with a Magistrate Judge, the District's Mediation Program, or private mediation. Defendant has not shown a willingness to participate in this lawsuit for over two years. As such, 3M contends that the most efficient way to resolve this lawsuit is via a Default Judgment and Permanent Injunction.

    **11.**    **Estimate of Length of Trial**: In the unlikely event that a trial were to occur in this lawsuit, 3M estimates that it would take 1-2 court days.

We thank the Court for its time and consideration.

    Respectfully submitted,

    */s/ Carmine R. Zarlenga*
    Carmine R. Zarlenga

cc (via USPS):
Performance Supply, LLC
c/o Ronald Romano
3 Westbrook Way
Manalapan, New Jersey 07726