IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br>PERFORMANCE SUPPLY, LLC,<br><br>　　　　　　　Defendant. | Case No.: 1:20-cv-02949 (JLR)(JW)<br><br>**Jury Trial Demand** |

~~**[PROPOSED]**~~
**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

**WHEREAS**, the Court, having considered Plaintiff 3M Company's ("3M") Memorandum of Law in Support of its Motion for Default Judgment and Permanent Injunction against Defendant Performance Supply, LLC ("Defendant"), together with the Declarations of Jonathan W. Thomas, Charles Stobbie (Dkt. No. 14), David A. Crist (Dkt. No. 15), and A. John P. Mancini (Dkt. No. 16), as well as the Court's Findings of Facts and Conclusions of Law entered in connection with 3M's Application for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 23), and the record and proceedings to date in the above-captioned action, including the Clerk's Certificate of Default (Dkt. No. 39), and the April 26, 2023 Report and Recommendation (Dkt. No. 50), pursuant to FEDERAL RULE OF CIVIL PROCEDURE 58(a), the Court enters this final judgment and hereby finds as follows:

　　1.　　3M duly commenced this lawsuit on April 10, 2020. *See* Dkt. No 1 (as re-filed as Dkt No. 9; hereinafter, the "Compl."). 3M duly served Defendant's President, Mr. Ronald Romano, with the Summons and Complaint on April 14, 2020. *See* Dkt. No. 18. Defendant neither appeared in this lawsuit nor responded to the Complaint. Accordingly, the Clerk of this Court issued a Certificate of Default against Defendant on November 29, 2022. Dkt. No. 39. Defendant's default indicates that 3M's carefully curated brand and trademarks would suffer from

an injury to their reputation, brand dilution, and loss of goodwill in the absence of a default judgment against Defendant.  Accordingly, the Court hereby enters a default judgment against Defendant on each of 3M's claims for relief in the Complaint.  The Court also enters a permanent injunction against Defendant for the reasons set forth below.

2. Defendant is not an authorized distributor, vendor, agent, or representative of 3M.  Defendant also is not authorized to solicit orders of any size for 3M-brand N95 respirators (or any other goods or services).  Nonetheless, on or about March 30, 2020, Defendant sent a Formal Quote to New York City's Office of Citywide Procurement, offering to sell seven million of 3M-brand N95 respirators for 500% more than 3M's list price.  To deceive New York City's procurement officers into believing that Defendant was authorized to solicit orders on 3M's behalf, Defendant, *inter alia*, reproduced the standard-character "3M" mark and 3M design mark **3M** (the "3M Marks"), and the slogan "3M Science.  Applied to Life" (the "3M Slogan"), throughout the Formal Quote.

3. 3M owns incontestable federal trademark registrations for its 3M Marks, as well as a federal trademark registration for its 3M Slogan.  Accordingly, 3M established the validity of its 3M Marks and 3M Slogan.

4. 3M also established that Defendant's use of the 3M Marks and 3M Slogan caused actual confusion, and creates a likelihood of confusion going forward, about the source and/or quality of the products that Defendant offered to sell, and/or whether Defendant has an association or affiliation with 3M.  3M has been using its 3M Marks and 3M Slogan for decades.  During this period, 3M has invested hundreds of millions of dollars into advertising and promoting a vast array of goods and services under its 3M Marks and 3M Slogan, including its 3M-brand N95 respirators.  Defendant is trading off the widespread commercial recognition and goodwill of the 3M Marks

and 3M Slogan in connection with offering to sell products that 3M is widely known for manufacturing and selling, namely, N95 respirators. Accordingly, it is no surprise that Defendant actually confused New York City procurement officials into believing that Defendant was an authorized vendor of 3M-brand N95 respirators.

5. Based on the foregoing, as well as Defendant's default, 3M demonstrated actual success on the merits of its claims for federal trademark infringement, unfair competition, false association, false endorsement, false designation of origin, and false advertising under Sections 32 and 43(a)(1)(A) of the Lanham Act (to wit, 15 U.S.C. §§ 1114(a), 1125(a)(1)(A)-(B)), as well as its claims for trademark infringement, and unfair competition, under New York law.

6. 3M cannot control the quality of the products that Defendant purports to sell under the 3M Marks or 3M Slogan. Additionally, the harm to 3M's reputation and the 3M brand of being associated with price-gouging during the global COVID-19 pandemic is immeasurable.

7. 3M faces ongoing irreparable harm if Defendant's conduct continues. First, 3M is entitled to a presumption of irreparable harm pursuant to the Trademark Modernization Act, to wit, 15 U.S.C. § 1116(a). Defendant has not rebutted that presumption. Second, 3M has demonstrated actual irreparable harm in the form of damage to the quality of its goods and its reputation and goodwill as a result of Defendant's actions.

8. Based on Defendant's default, there is no guarantee that Defendant's conduct will cease; therefore, 3M has no adequate remedy at law.

9. Defendant, on the other hand, cannot be heard to complain about having to refrain from engaging in trademark infringement, unfair competition, false advertising, and price-gouging.

10. Based on the foregoing, and considering the irreparable harm and the lack of remedies available at law to 3M against the lack of any harm to Defendant, the balance of hardships favors 3M.

11. The public has an interest in avoiding confusion about the source and quality of goods and services. This is especially true during the global COVID-19 pandemic, when consumers, including experienced governmental procurement officials, are relying on the 3M Marks and 3M Slogan to indicate that goods and services offered thereunder originate from 3M, and are of the same quality that consumers have come to expect of the 3M brand.

12. Based on the foregoing, converting the preliminary injunction into a permanent injunction would benefit the public.

**BASED ON THE FOREGOING**, the Court hereby **GRANTS** 3M's Motion for Default Judgment and Permanent Injunction against Defendant in its entirety, and **ORDERS** as follows:

1. Pursuant to FED. R. CIV. P. 55(b)(2), a Default Judgment is entered in favor of Plaintiff 3M and against Defendant Performance Supply, LLC on each claim for relief in the Complaint.

2. Pursuant to 15 U.S.C. § 1116(a), Defendant is hereby **PERMANENTLY ENJOINED**, as follows:

   a. Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with them, are permanently enjoined from using the 3M Marks and 3M Slogan, and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks and/or the 3M Slogan, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or

sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators, and

b. Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with them, are also permanently enjoined from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of NEW YORK GENERAL BUSINESS LAW § 369-R.

3. 3M and/or its authorized representative(s) must serve a copy of this Final Judgment on Defendant and/or Defendant's registered agent via overnight mail or courier and/or personal service at 3 Westbrook Way, Manalapan, New Jersey 07726, delivered on or before __5:00__ am/pm on ____May 18_____, 2023. The foregoing shall constitute proper service and notice of this Final Judgment.

4. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Final Judgment.

5

5.      The Temporary Restraining Order entered against Defendant in this action on April 24, 2020 (Dkt. No. 17) and the Preliminary Injunction entered against Defendant in this action on May 5, 2020 (Dkt. No. 23) are vacated and superseded by this Final Judgment.

**IT IS SO ORDERED** this __16th__ day of __May__, 2023.

*Jennifer Rochon*
_____
United States District Judge
Jennifer L. Rochon

6